IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODERICK LAVADES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-139 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Federal Correctional Institution in Bennettsville, South Carolina, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendant the United States of America. (Doc. no. 1, p. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 22, 2016, Plaintiff, a federal prisoner, was being transported by Irwin County Detention Center ("ICDC") officers from Mecklenburg County Jail to a holding facility in Irwin County, Georgia, pursuant to the terms of an Intergovernmental Service

Agreement with the United States Marshal Service ("USMS") to transport federal detainees from facility to facility. (Id. at 2-4.) During the trip, the van stopped at a local county jail in Jefferson County, Georgia. (Id.) Transport officers told Plaintiff to exit the van. (Id.) Plaintiff told the officers he could not because of leg cramps. (Id.) Officers still demanded Plaintiff exit the van. (Id.) As he attempted to exit the van, Plaintiff fell and hit his face on the concrete, which caused his tooth to break and become lodged in his bottom lip. (Id.) An officer moved out of the way and allowed Plaintiff to fall without any assistance. (Id.) The officer later stated, "we're going to have to pay for that." (Id.) While at Jefferson County Hospital for treatment, unspecified officers represented themselves as United States Marshals. (Id. at 4.) Plaintiff did not receive follow up treatment. (Id. at 2.) Plaintiff requests $80,000 in compensatory damages. (Id. at 4.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Court Lacks Subject Matter Jurisdiction of Plaintiff's FTCA Claim for Negligence

The Federal Tort Claims Act ("FTCA") is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674; Ali

3

v. Fed. Bureau of Prisons, 552 U.S. 214, 217-18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees."). Courts use the control test to determine whether the tortfeasor is an "employee of the government" by examining the degree of physical control the government exercised over the tortfeasor. See Logue v. United States, 412 U.S. 521, 528 (1973) (holding control test applies to FTCA's independent contractor exception). "An individual cannot be an employee of the government under the FTCA absent governmental authority to supervise or control that person's daily activities." Means v. United States, 176 F.3d 1376, 1379-80 (11th Cir. 1999).

Under the FTCA, government employees are defined as including officers and employees of any federal agency but excludes "any contractor with the United States." 28 U.S.C. § 2671; see United States v. Orleans, 425 U.S. 807, 813-14 (1976) (describing scope of FTCA claims). In applying the independent contractor exception to the waiver of immunity, "a critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" Orleans, 425 U.S. at 14 (quoting Logue, 412 U.S. at 528); see also Lipsey v. United States, 879 F.3d 249, 253-54 (7th Cir. 2018) (finding county jail was immune from liability under independent contractor exception where county jail had intergovernmental agreement with USMS providing medical care). The independent contractor exception "affects both subject matter jurisdiction under the FTCA and the merits of the FTCA claim." Simpson v. Holder, 184 F. App'x 904, 909-10 (11th Cir. 2006) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Plaintiff alleges ICDC is responsible for transporting federal detainees from facility to

4

facility per an Intergovernmental Service Agreement with the USMS. (Doc. no. 1, pp. 3-4.) He further alleges USMS only directs ICDC who to transport and where. (Id.) Nowhere in his complaint does he allege USMS physically participated in the transport or controlled the manner in which ICDC transports prisoners. At most, he alleges USMS oversees federal prisoner movements by a tracking system. The facts as alleged show ICDC is an independent contractor under the FTCA, and the United States is not liable. See Means, 176 F.3d at 1379-80 (finding independent contractor exception applied because FBI merely provided background information and did not participate in raid of plaintiff's residence with county sheriffs). Thus, the Court lacks subject matter jurisdiction under the FTCA. Simpson, 184 F. App'x at 909-10.

### 3. Plaintiff Fails to State a Claim Against the United States of America for Negligence

Even if the independent contractor exception did not apply and the ICDC officers were "employees of the government" under the FTCA, Plaintiff fails to show they breached a duty to Plaintiff and caused his injuries. Under the FTCA, the applicable law is the law of the State where the act or omission occurred. Schippers v. United States, 715 F.3d 879, 887 (11th Cir. 2013). Plaintiff's injury occurred in Jefferson County, Georgia, and, therefore, Georgia law applies. (Doc. no. 1, p. 2.) In Georgia, "[i]t is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." Goldstein, Garber & Salama, LLC v. J.B., 797 S.E.2d 87, 89 (Ga. 2017) (quoting Johnson v. Am. Nat. Red Cross, 578 S.E.2d 106, 108 (Ga. 2003).

5

Plaintiff only alleges officers ordered him off the bus after a long bus ride and insisted that he do so despite cramps in his legs. The only reasonable inference is that Plaintiff fell from the van because the leg cramps caused him to trip and fall. He does not allege the fall occurred because of negligence, such as a poorly maintained exit from the van that was slippery or treacherous. Nor does he allege that he asked officers to help him exit the van and they refused to do so. Plaintiff does not allege how any officer's actions breached some statutory duty or failed to act reasonably or with ordinary diligence toward Plaintiff to avoid harm. See Georgia Cas. Sur. Co. v. Salter's Indus. Serv. Inc., 734 S.E.2d 415, 419 (Ga. Ct. App. 2012) (holding general negligence standard of care is reasonable care to avoid harm where no statute defines standard); Irwin v. Arrendale, 159 S.E.2d 719, 723 (Ga. Ct. App. 1967) (holding jailer or other officer owes prisoner duty to exercise ordinary diligence to keep free from harm); see also Chadwick v. Stewart, 94 S.E.2d 502, 502 (Ga. Ct. App. 1956) (holding deputy sheriff transporting prisoner owes prisoner duty to exercise ordinary care while driving prisoner).

Further, he does not allege any officer pushed him or otherwise caused him to fall. Strength v. Lovett, 714 S.E.2d 723, 727 (Ga. Ct. App. 2011) (holding Plaintiff must show Defendant's conduct was both cause in fact and proximate cause). The fact that one of the officers moved out of the way as Plaintiff was falling does not state a claim because the officer had no duty to intervene physically and stop the fall. Boller v. Robert W. Woodruff Arts Center, Inc., 716 S.E.2d 713, 713 (Ga. Ct. App. 2011) ("A person is under no duty to rescue another from a situation of peril which the former has not caused, even when the peril is foreseeable.") (quotations omitted). Thus, because Plaintiff has not alleged any officer

6

breached a duty owed to Plaintiff or how such a breach caused Plaintiff's fall, he has failed to state a claim for negligence.

### 4. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

Nor is there a claim 42 U.S.C. § 1983 against ICDC or the county officers for deliberate indifference to his safety. The county jail itself is not subject to suit under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Also, the complaint fails to state a claim for deliberate indifference against county officers for the same reasons it fails to state a negligence claim; i.e., the officers did not act unreasonably or with deliberate indifference.

7

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of February, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA